## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

(1)  DAVID R. SPARKS,

                     Plaintiff,

v.                                           Case No. 14-CV-546-W

(1)  JOHN M. CAMPBELL AND COMPANY,

                     Defendant.

## DEFENDANT JOHN M. CAMPBELL AND COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

HOLDEN & CARR
Michael L. Carr, OBA #17805
Jessica L. Craft, OBA #31126
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
MikeCarr@HoldenLitigation.com
JessicaCraft@HoldenLitigation.com
*Attorneys for Defendant*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .............................................................................................ii

INTRODUCTION ...........................................................................................................1

STATEMENT OF UNCONTROVERTED FACTS ......................................................3

   A.   JMC's Business and it's Merger with the PetroSkills Group of Companies ……………………………………………………………………… ..…………3

   B.   Sparks' Educational Background and Employment with JMC....................4

   C.   JMC's Reduction in Force and the Termination of Sparks' Employment ..6

   D.   JMC's Anti-Discrimination and Harassment Policies ..................................7

   E.   Office Assistant Position .................................................................................8

   F.   Sparks' Allegations of Discrimination and his Dispositive Admissions ....9

ARGUMENTS AND AUTHORITIES .........................................................................11

   I.    SUMMARY JUDGMENT STANDARD ...........................................................11

   PROPOSITION I:  Sparks' Claim Under The ADEA As It Pertains To His Position In The IT Department Is Barred By The Statute Of Limitations........12

   PROPOSITION II:  John M. Campbell and Company Is Entitled to Summary Judgment Because Sparks Cannot Carry His Burden of Proving the Elements of His Age Discrimination Claim Under the ADEA .........................................14

      a.   Sparks' Claims Under the ADEA Fail Because Sparks Failed To Establish a *Prima Facie* Case of Discrimination Based on Age or To Show That Age Discrimination Was The "But-For" Cause of His Discharge........14

         i.   Sparks Has Failed To Establish a *Prima Facie* Case of Age Discrimination ..................................................................................................15

      b.   John M. Campbell and Company Has Articulated Legitimate, Nondiscriminatory Reasons for Sparks' Discharge, Which Sparks Has Failed to Show Were Pretextual ........................................................................18

   PROPOSITION III:  There Is No Evidence Of Willfulness To Support A Claim For Liquidated Damages ......................................................................................20

CONCLUSION..............................................................................................................22

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .......................................................11

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...................................................................11

*Doe v. City of Albuquerque*, 667 F.3d 1111 (10th Cir. 2012) ...........................................11

*Douglas v. Banta Homes Corp.*, No. 11 CIV. 7217 KBF, 2012 WL 4378109 (S.D.N.Y. Sept. 21, 2012).................................................................................................................16

*Gordon v. Napolitano*, 863 F. Supp.2d 541 (E.D. Va. 2012).........................................14

*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009) ....................................................14, 19

*Hazen Paper Co. vs. Biggins*, 507 U.S. 604 (1993) .........................................................20

*Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187 (10th Cir. 2008)............................15

*Howard v. Steris Corp.*, 886 F. Supp. 2d 1279 (M.D. Ala. 2012)..................................14

*Maxey v. Rest. Concepts II, LLC*, 654 F. Supp. 2d 1284 (D. Colo. 2009) ....................17

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)...................................................21

*O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 (1996) ...................................17

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)......................................................18

*Timbie v. Eli Lilly & Co.*, 429 Fed. Appx. 20 (2d Cir.2011)..........................................16

*Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106 (10th Cir. 2007) .................................19

*Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985) ..................................20, 21

*United Airlines, Inc. v. Evans*, 431 U.S. 553 (1977)........................................................13

*Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517 (2013). ..................................14

*Webb v. Level 3 Commc'ns, LLC*, 167 F.App'x 725 (10th Cir. 2006) ............................16

## Statutes

29 U.S.C. § 255(a) ...........................................................................................................12

29 U.S.C. § 621 ...............................................................................................................14

29 U.S.C. § 626(b) ..........................................................................................................20

## Rules

Fed. R. Civ. P. 56 ........................................................................................................1, 11

## MOTION FOR SUMMARY JUDGMENT

COMES NOW, Defendant John M. Campbell and Company ("JMC"), by and through its counsel, Holden & Carr, pursuant to Fed. R. Civ. P. 56, and hereby respectfully moves this Court to grant summary judgment in its favor, because, taking the facts in the light most favorable to Plaintiff, David Sparks cannot establish all necessary elements of his ADEA claim. In support of its Motion, Defendant John M. Campbell and Company would show the Court as follows:

## INTRODUCTION

This case arises from Plaintiff David Sparks ("Sparks") allegation that his former employer, Defendant John M. Campbell and Company (hereinafter "JMC" or "the Company"), discriminated against him in violation of federal law on the basis of his age. Specifically, Sparks alleges that JMC violated the Age Discrimination in Employment Act of 1967 ("ADEA") when the Company terminated his employment in March 2013 after his position as Building Manager, was eliminated.

On November 30, 2012, one hundred percent of the stock of JMC was acquired by PetroSkills JMC, LLC, an unrelated Delaware limited liability company. The office building in which JMC was located was not acquired by PetroSkills JMC, LLC in the transaction. Consequently, after the purchase closed,

a building manager was no longer needed by JMC. Sparks' position as Building Manager was eliminated in March 2013 for lack of work.

Although he applied and was interviewed, Sparks was not selected for the newly created position of JMC Office Manager because he had limited administrative and secretarial skills which were required for the job. JMC had a legitimate business and non-discriminatory reasons – unconnected to age discrimination - for the elimination of the Building Manager position, the termination of Sparks' employment and its subsequent hiring decision.

Since filing his Complaint, Sparks has been given ample opportunity to provide evidence, if any, which would connect the Company's actions to age discrimination. The time frame for discovery in this case is now over, and although Defendant has inquired, neither Sparks nor any other witness has come forward with even a scintilla of evidence that JMC ever discriminated against anyone in violation of the ADEA. When asked in deposition for evidence of his claim, Sparks could only point to a single, isolated comment made by a Company manager in 2011. A single stray comment, occurring more than two years before Sparks' claim allegedly accrued is insufficient to defeat summary adjudication in this case.

JMC did not discriminate against Sparks on the basis of his age. In fact, Sparks, by his own admission, has no viable claim against JMC and no evidence that would create a genuine issue of material fact as to whether JMC discriminated

against him under federal law. JMC is entitled to summary judgment as to all of Sparks' claims as a matter of law and respectfully asks this Court to grant this motion.

<u>**STATEMENT OF UNCONTROVERTED FACTS**</u>

For the purposes of this Motion only, the following facts are asserted as uncontroverted:

**A.    JMC's Business and it's Merger with the PetroSkills Group of Companies**

1.      John M. Campbell and Company ("JMC") provides technical training worldwide for the petroleum industry. JMC focuses on "facilities" training or training which relates to the transportation and processing of oil and gas.  *See* Exhibit 1, Deposition of Bob Hubbard, 8:1-6; *see also* Exhibit 2, Deposition of David Sparks, 37:13-17.

2.      "PetroSkills" is a trade name of common use for a group of more than 20 companies, ultimately owned by PetroSkills Holdings, LLC, which provides technical training, competency management services and certain hosted software services for the oil and gas industry. *See* Exhibit 3, Affidavit of Patricia Kirch.

3.      The subsidiaries and branches owned by PetroSkills Holdings, LLC are collectively referred to herein as the "PetroSkills Group." *See* Exhibit 3, Affidavit of Patricia Kirch.

4.      On November 30, 2012, 100% of the stock of JMC was acquired by PetroSkills-JMC, LLC, and JMC became a member of the PetroSkills Group. *See* Exhibit 3, Affidavit of Patricia Kirch.

**B.      Sparks' Educational Background and Employment with JMC**

5.       Sparks obtained an accounting degree from Texas Tech University in 1974. *See* Exhibit 2, Deposition of David Sparks, 21:19- 22:3.

6.      Sparks worked briefly with Conoco in Ponca City after graduating from Texas Tech in a project management position for approximately nine years. *See id.* at 22:7-23:1; 25:6-19.

7.      Sparks moved to a Director of Finance position with Trans-Central Airlines in approximately 1982 or 1983. *See id.* at 24:1-12.

8.      Sparks next took a position as a Data Security Office with Fidelity Bank. *See id.* at 24:16-25:2.

9.      Sparks took a position with CITGO following his termination from Fidelity Bank. During his tenure there, he held two positions in the financial field: EDP audit supervisor and state tax manager. *See id.* at 28:4-29:13.

10.      After CITGO, Sparks worked briefly for Anson Gas as an information systems manager.  *See id.* at 29:17-30:2.

11.      After leaving Anson Gas, Sparks worked for the State of Oklahoma. He started in the audit department as an EDP auditor before moving to the

information services department. He later moved to the Treasurer's office. *See id.* at 30:3-31:2.

12.     Sparks briefly moved to a health plan start up, Heartland Health Plan, in the mid-1990s as the information services manager. *See id.* at 31:9-32:21.

13.     In 1998, Sparks was hired through a temp placement at JMC for their information services department. *See id.* at 35:20-36:3.

14.     Although responsible for IT operation and management at JMC, Sparks did not attend a single continuing education course relating to IT or computers from 1998 to 2013. *See id.* at 67:8-11.

15.     In 2011, JMC recruited and hired an outside IT specialist, formerly of the University of Oklahoma, specifically because of ongoing problems and inefficiencies with regard to the management and operation of its computer network. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 1.

16.     Defendant has no record of Plaintiff complaining about the hiring of a new IT manager. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 1.

17.      After the new IT manager was hired by the Company, JMC reassigned Sparks to the position of JMC Building Manager. Although no longer in IT, Sparks retained his salary of $96,000 per year plus benefits. *See* Exhibit 2, Deposition of Sparks, 74:14-75:1.

18.     By Sparks' own admission, the Building Manager duties included supervision of the "operation of the building and general responsibilities for the building, and a lot of leasing transactions with the tenants, and any contracts that were involved in the operation of the building [including] [j]anitorial, lawn, electrical, gas, telephone." *See* Exhibit 2, Deposition of Sparks, 55:24-11.

**C.     JMC's Reduction in Force and the Termination of Sparks' Employment**

19.     The building was not included in the sale of JMC to the PetroSkills Group. Before and after the sale, the JMC office building was owned by Collier Leasing, LLC f/k/a JMC Leasing, LLC. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 2.

20.     Since none of the entities within the PetroSkills Group owned the JMC office building in Norman, Oklahoma, JMC no longer needed a Building Manager. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 2; *see also* Exhibit 1, Deposition of Bob Hubbard, 15:16-23; 17:19-18:19.

21.     Accordingly, Plaintiff's position was eliminated, effective March 31, 2013, for lack of work. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 2.

22.     Collier Leasing, LLC contracted with Plaintiff (as an independent contractor) to manage the JMC office building on a temporary, part-time basis. The

temporary position lasted approximately two months. *See* Exhibit 2, Deposition of David Sparks, 96:4-97:2.

23.    From May 2011 to October 2014[1], a total of 43 persons were terminated from their employ with JMC. Of these individuals, 14 persons were terminated as a result of force reduction, lack of work or redundancy. Of the 14, 8 were over age 40 and 6 were under age 40. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 14.

**D.    JMC's Anti-Discrimination and Harassment Policies**

24.    JMC's Anti-Discrimination Policy, which is contained in the Company's Employee Manual, expressly prohibits the kind of conduct alleged in Sparks' Amended Complaint. *See* Exhibit 5, Employee Handbook, Anti-Discrimination Policy.

25.    On January 17, 2003, Sparks acknowledged receipt of JMC's Anti-Discrimination Policy, which included a detailed reporting procedure for instances of discrimination. See Exhibit 6, Anti-Discrimination Policy Acknowledgment.

26.    On March 5, 2008, Sparks acknowledged receipt of John M. Campbell's Employee Manual and Anti-Discrimination Policy which included a

---

[1] October 2014 is reflective of the date of the referenced discovery.

detailed reporting procedure for instances of discrimination. *See* Exhibit 7, Employee Handbook Acknowledgement.

27.     Plaintiff even initialed and dated the specific pages of the Employee Handbook that pertain to JMC's Anti-Discrimination and Reporting Policies. *See* Exhibit 5, Employee Handbook, Anti-Discrimination Policy

**E.     Office Assistant Position**

28.     The JMC "Office Manager" position combined the existing position of Administrative Assistant to Facilities/Training Executives and other administrative duties with the expanded duties relating to managing office functions. *See* Exhibit 9, Office Manager Job Description; Exhibit 4, Response to Plaintiff's First Interrogatories, No. 6; *see also* Exhibit 1, Deposition of Bob Hubbard, 40:23-41:5.

29.     .Sparks was given the opportunity to interview for the position of Office Manager. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 6; Exhibit 2, Deposition of Sparks, 90:12-91:24.

30.     Mia Pratcher, who held the position of Administrative Assistant to Robert A. Hubbard, was ultimately selected for the Office Manager position. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 6.

31.     Hubbard, who conducted the interviews for the Office Manager position, stated that he was concerned as to whether Plaintiff could adequately

perform the administrative/secretarial duties required for the position. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 6; Exhibit 1, Deposition of Hubbard, 38:22-39:7; 50:22-51:3 66:25-67:25.

32.     Hubbard was also concerned that the salary for the Office Manager position would represent a substantial reduction in pay for Plaintiff, which might be a source of discontent for Plaintiff. *See* Exhibit 4, Response to Plaintiff's First Interrogatories, No. 6; Exhibit 1, Deposition of Bob Hubbard, 54:17-55:1.

**F.     Sparks' Allegations of Discrimination and his Dispositive Admissions**

33.     Sparks testified that during his nearly fifteen years of employment with the Company, he could only remember one isolated stray comment pertaining to age, allegedly made in 2011:

> **Question:     At some point in 2011 Mr. Staggs, in his office with just you and he, made the statement to you that "IT is for young guys." That statement was made one time, and nobody made that statement to you either before or after that time.**
> Answer:     To my knowledge, yes.

> *See* Exhibit 2, Deposition of David Sparks, 47:3.

34.     Stephen R. Staggs, a former Company manager, testified that he made the comment to Sparks concerning IT, but any such isolated comment was not directed to Sparks' age, but rather in reference to Sparks' lack of education and

technical training regarding the fast growing and evolving IT technology.[2] Mr. Staggs further stated that Sparks was unable to provide adequate IT support for the Company and was consequently replaced with a more skilled IT manager.

35.     Before and after the sale of JMC to the PetroSkills Group, Hubbard and another Company principal, D. John Morgan, met with Sparks multiple times to advise him that the position of Building Manger would likely be eliminated as the JMC office building had not been acquired by the PetroSkills Group. *See* Exhibit 1, Deposition of Hubbard, 15:16-23; 17:19-18:19.

36.     Sparks admits he was told in advance that the Building Manager position was going to be eliminated. *See* Exhibit 2, Deposition of Sparks, 88:5-18.

37.     Further, Sparks admits his termination on March 31, 2013 was due to the elimination of the Building Manager position. *See* Exhibit 2, Deposition of David Sparks, 86:8-24.

38.     The Office Manager position was eliminated in 2014. *See* Exhibit 1, Deposition of Hubbard, 62:14-19.

---

[2] Steve Staggs was deposed on September 28, 2015 in Frisco, Texas. At time of filing, Staggs' deposition was not yet transcribed; JMC puts the Plaintiff and the Court on notice it will seek leave of Court to Supplement the Court with the relevant testimony upon receipt of the same.

## ARGUMENTS AND AUTHORITIES

## I.      SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(a), a court reviewing a motion for summary judgment must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. _Doe v. City of Albuquerque_, 667 F.3d 1111, 1123 (10th Cir. 2012). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." _Celotex Corp. v. Catrett_, 477 U.S. 317, 317 (1986).

JMC is not required to disprove Sparks' claim; rather, JMC must simply demonstrate that, in the light most favorable to Plaintiff, there is no genuine issue of material facts and the facts warrant judgment in favor of the moving party. A factual dispute is material if it might affect the outcome of the case under the governing substantive law. _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 248 (1986). A genuine issue exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." _Id._

Sparks must establish that a genuine issue of facts exists with affirmative evidence; he cannot rely solely on allegations or denials to create an issue of fact. _See Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 252 (1986) ("The mere existence of

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). Any failure on the part of Plaintiff to establish any of the essential elements of Sparks' claim requires the entry of summary judgment in favor of JMC.

Furthermore, even in the light most favorable to Plaintiff, such a single comment made in early 2011 is not probative on the case before the Court. The comment was not made by anyone involved in his termination. In fact, Staggs had departed the company nearly a year prior to Sparks' termination. The single comment and Sparks' termination are separated by several years – years in which Plaintiff admits absolutely no comments were made to him pertaining age. This solitary comment is neither probative nor indicative of a pattern of discriminatory behavior.

Pursuant to the prescribed standard, Defendant John M. Campbell and Company is entitled to judgment in its favor since Plaintiff cannot establish the essential elements of his ADEA claim.

**PROPOSITION I:  Sparks' Claim Under The ADEA As It Pertains To His Position In The IT Department Is Barred By The Statute Of Limitations.**

It is anticipated that Plaintiff will seek to utilize a single comment allegedly uttered by his friend and confidant, Stephen R. Staggs, to illustrate a practice of age discrimination. The alleged comment was made in a private conversation in 2011. There is a two-year statute of limitations under the ADEA, 29 U.S.C. § 255(a),

rendering the statute of limitations for any such allegation to run in 2013. In _United Airlines, Inc. v. Evans_, 431 U.S. 553 (1977), the United States Supreme Court held that a continuing violation cannot be established merely by allegations that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination.

Cade was hired as Senior Manager of Operations Services in the JMC IT Department on February 21, 2011. Cade was more qualified for the IT Department Senior Management position, as he had IT experience with the University of Oklahoma. Sparks' background was primarily in accounting, although he did not work in the JMC accounting department. Sparks candidly denies attending continuing education classes to maintain his qualifications as an IT professional while working with JMC since 1998. JMC, as a fast growing company, was in need of an experienced and qualified IT Department Manager. Furthermore, Sparks himself expressed a desire to change departments in his own evaluations.

As Cade was hired on February 21, 2011, Sparks was barred from making an ADEA claim as of February 21, 2013 in regards to his position within the IT Department. Regardless, even if the statute of limitations had not passed, JMC has valid, legitimate business reasons for hiring Cade in the IT Department, and the reasons are not based on Sparks' age in any way.

**PROPOSITION II:  John M. Campbell and Company Is Entitled to Summary Judgment Because Sparks Cannot Carry His Burden of Proving the Elements of His Age Discrimination Claim Under the ADEA**

An ADEA plaintiff may establish a claim for intentional age discrimination either (i) by demonstrating through direct or circumstantial evidence that age discrimination motivated the employer's adverse employment decision, or (ii) by way of the McDonnell Douglas framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination. Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 et seq.; *see also Gordon v. Napolitano*, 863 F. Supp.2d 541 (E.D. Va. 2012). The employee must show that age was the "but for" cause of an adverse employment action. *Howard v. Steris Corp.*, 886 F. Supp. 2d 1279 (M.D. Ala. 2012); *see also Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013).

**a. Sparks' Claims Under the ADEA Fail Because Sparks Failed To Establish a *Prima Facie* Case of Discrimination Based on Age or To Show That Age Discrimination Was The "But-For" Cause of His Discharge**

An ADEA age discrimination claim requires a plaintiff to establish and prove that his or her age was the "but-for" cause of his termination. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009).

In this matter, Plaintiff has not brought forth any evidence, direct or otherwise, of his allegation of age discrimination. Therefore, the Plaintiff's claims fail and the Court must grant summary judgment in Defendant's favor.

### i. Sparks Has Failed To Establish a *Prima Facie* Case of Age Discrimination

For a *prima facie* case of age discrimination under the ADEA, a plaintiff must establish all four of the following elements: (1) he is within the protected age group (2) he was doing satisfactory work, (3) he was discharged, and (4) he has some evidence that the employer intended to discriminate against him in reaching its decision. *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1195 (10th Cir. 2008).

The first and third elements are not in dispute. However, while there is some dispute as to the second element, it is irrelevant as the fourth element is fatal to Plaintiff's case. Sparks cannot meet the fourth prong of a *prima facie* case for several reasons.

First, the only evidence in this case with respect to JMC's treatment of employees in the protected class demonstrates that those involved in a force reduction, lack of work or redundancy termination are nearly the same amount. From May 2011 through October 2014, of the 43 individuals who left their employ with JMC, 14 were terminated for force reduction, lack of work or redundancy. Of the 14, 8 were over age 40 and 6 were under age 40. Plaintiff was terminated for lack of work as his position was eliminated. The statistics challenge Plaintiff's

claims. *See Webb v. Level 3 Commc'ns, LLC*, 167 F.App'x 725, 727 (10th Cir. 2006) (granting summary judgment in favor of employer where, of the 49 employees terminated during reduction, 24 were over age 40 and 25 were under age 40).

Second, Sparks cites to an isolated solitary comment made between himself and his friend to build up an allegation of age discrimination. Sparks states his friend, Stephen R. Staggs, made a comment in 2011 that "IT is for young guys." This comment was made in his office, out of earshot from any other witness to verify the actual utterance. Sparks confirms that absolutely no other comments pertaining to age were made before or after the comment. **"A single statement alone cannot support an inference of discriminatory intent."** *Douglas v. Banta Homes Corp.*, No. 11 CIV. 7217 KBF, 2012 WL 4378109, at *4 (S.D.N.Y. Sept. 21, 2012)(*citing Timbie v. Eli Lilly & Co.*, 429 Fed. Appx. 20, 23–24 (2d Cir.2011) (finding a single remark, which the Court found "facially age-based", "insufficient to allow [plaintiff] to carry her burden in showing that age-discrimination was the 'but-for' cause"). A stray comment is insufficient to establish age was a motivating factor in a company's termination decision, especially when the alleged comment was made several years prior.

Third, JMC hired the individual who was best suited for the Office Manager position. Sparks and Mia Pratcher were both formally interviewed for the single Office Manager position. In light of the clerical duties associated with the position,

JMC determined Pratcher would be a better fit. Although Pratcher is younger than Sparks, age was not a factor in the determination. Furthermore, replacement by an individual under the age of 40 is not an element of the prima facie claim; it is also not a dispositive factor. The Supreme Court explicitly rejected replacement by a person under the age of 40 as a mandatory element of a prima facie case. _O'Connor v. Consol. Coin Caterers Corp._, 517 U.S. 308, 312 (1996). The Supreme Court, in O'Connor, highlighted the need for a "logical connection" between the elements of a prima facie case and the alleged discrimination. _Id._ at 311–12.; _see also Maxey v. Rest. Concepts II, LLC_, 654 F. Supp. 2d 1284, 1293-94 (D. Colo. 2009). Additionally, the Office Manager position itself only lasted approximately a year before it was eliminated.

Finally, Sparks was aware that his position was going to be eliminated as early as December, 2012 – _nearly four months_ before his last day of work on March 31, 2013. Sparks met with Bob Hubbard and John Morgan on at least two instances where he was forewarned his position was going to be eliminated in light of the merger. At no time did Plaintiff make a complaint to JMC alleging age discrimination during any of these meetings. Sparks had been employed with JMC since 1998, and had a copy of his employment manual, which set forth the JMC anti-discrimination policy, and directions on how to bring a complaint of discrimination to the company's attention. He did no such thing.

Sparks was interviewed and considered for the Office Manager position. It was ultimately determined that the other candidate, Mia Pratcher would be a better fit in light of the duties and the drastic pay cut Sparks would be subjected to if chosen. At no time did Hubbard or another JMC representative promise to hire or find a new position for Sparks within the company, but they forewarned him that his position was being eliminated.

Under these circumstances, Sparks has failed to meet his burden of establishing a *prima facie* case of age discrimination. The Court should grant summary judgment in favor of JMC.

### b. John M. Campbell and Company Has Articulated Legitimate, Nondiscriminatory Reasons for Sparks' Discharge, Which Sparks Has Failed to Show Were Pretextual

Even if Plaintiff were to establish the prima facie case for age discrimination under the ADEA, which is denied by JMC, Sparks was terminated for a legitimate, non discriminatory reason. *See e.g. St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). Sparks' position was eliminated – the company no longer owned the building, rendering his position not only superfluous, but nonexistent.

As discussed in detail above, JMC terminated Sparks' position after the JMC office building was not included in the JMC acquisition by the PetroSkills Group. JMC no longer owned the building, rendering a Building Manager unnecessary.

In fact, immediately after Sparks' termination, he was contracted through the building's owner, Collier Leasing, LLC.

Plaintiff's allegation he was not chosen for the Office Manager position due to his age is also unfounded. As stated above, JMC formally interviewed two candidates; JMC determined the other candidate, Mia Pratcher, was a better fit, due to the clerical aspects of the position. At no time was age a factor or motivating aspect.

Once the employer has met its burden to establish the legitimate, nondiscriminatory reason for the Plaintiff's termination, the burden shifts back to the Plaintiff. In order to be successful on his claim, Plaintiff must produce sufficient evidence to show that the reason given for an adverse employment action was a pretext for discrimination. _Timmerman v. U.S. Bank, N.A._, 483 F.3d 1106, 1113 (10th Cir. 2007).

In the instant matter, Sparks has presented absolutely no evidence that would support the conclusion that JMC's stated reasons for terminating his employment were pretextual, let alone that age discrimination was the "but-for" cause of his discharge. _Gross_, 557 U.S. at 176-7. Rather, the uncontroverted facts clearly demonstrates that Sparks' age was not a consideration in his termination or the determination to not hire for the Office Manager position. Summary judgment in favor of JMC is therefore appropriate.

### PROPOSITION III:  There Is No Evidence Of Willfulness To Support A Claim For Liquidated Damages

Alternatively, if summary judgment is not granted as to Plaintiff's ADEA claim pursuant to the above-referenced Propositions, Defendant is entitled to summary judgment as to Plaintiff's claim for liquidated damages since Plaintiff has no evidence that Defendant was willful in terminating Plaintiff's employment. For the purposes of succinctness, Defendant JMC incorporates by reference the law and argument provided in Propositions I-II as though fully set forth herein.

The ADEA states that "liquidated damages shall be payable only in cases of willful violations of this chapter." *See* 29 U.S.C. § 626(b). Pursuant to this provision, the ADEA consists of a two-tier structure where only willful violations give rise to liquidated damages. *Hazen Paper Co. vs. Biggins*, 507 U.S. 604, 614 (1993). A willful violation of ADEA occurs if the employer knew or showed reckless disregard in the conduct that allegedly violated the ADEA. *Id*. Generally, the term "willful" refers to conduct that is not merely negligent. *Id*. "If an employer incorrectly but in good faith and nonrecklessly believes that the statute permits a particular age-based decision, then liquidated damages should not be imposed." *Id.* at 616 (citations omitted).

In *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111 (1985), the United States Supreme Court determined that although Trans World Airlines violated the ADEA by not affording older captains the same transfer privileges as under 40

-20-

captains, the awarding of liquidated damages was improper because the employer

acted nonrecklessly and in good faith in attempting to determine whether its plan

would violate the ADEA. *Id*. at 129. The Supreme Court, in *McLaughlin v. Richland*

*Shoe Co*., 486 U.S. 128 (1988) further clarified the rule:

> If an employer acts reasonably in determining its legal obligation, its
> action cannot be deemed willful under either petitioner's test or under
> the standard we set forth. If an employer acts unreasonably, but not
> recklessly, in determining its legal obligation, then, although its action
> would be considered willful under petitioner's test, it should not be
> so considered under *Thurston* or the identical standard we approve
> today.

*Id*. at 135, fn. 13.

JMC provides its employees an employee handbook, which sets forth the

anti-discriminatory policies it has adopted. The provisions clearly state that JMC

will not tolerate any discriminatory treatment, including disparate treatment on

the basis of age. Furthermore, the Anti-Discrimination Policy sets out a detailed

reporting procedure for instances of discrimination.

Sparks acknowledged receipt of the Handbook as well as the specific Anti-

Discrimination Policy. During his tenure at JMC, Sparks had ample opportunity

to review the equal employment policy contained in the Handbook. The Anti-

Discrimination Policy clearly prohibits discrimination based on age.

Defendants' actions in terminating Plaintiff's employment were not willful,

nor were they in violation of the ADEA. JMC has a detailed Anti-Discrimination

Policy in place in an effort to eliminate discriminatory behavior. In addition, JMC provides a way for employees to report behavior that violates the Anti-Discrimination Policy. At no time did Sparks alert any others at JMC he felt he was subject to ageism. There is simply no evidence of willfulness. Accordingly, JMC is entitled to summary judgment on Plaintiff's claim for liquidated damages under the ADEA.

## <u>CONCLUSION</u>

There is no evidence whatsoever to suggest that Sparks' termination was related in any way to his age. There is no reasonable inference that Sparks' age was a contributing factor in his termination. In short, Sparks is unable to show his age was a "but for" cause of his termination.

WHEREFORE, premises considered, Defendant John M. Campbell and Company respectfully requests that the Court grant its Motion for Summary Judgment as to all of David Sparks' claims.

Respectfully submitted,

HOLDEN & CARR

*s/Jessica L. Craft*

Michael L. Carr, OBA #17805
Jessica L. Craft, OBA #31126
15 East 5th Street, Suite 3900
Tulsa, OK 74103
(918) 295-8888; (918) 295-8889 fax
MikeCarr@HoldenLitigation.com
JessicaCraft@HoldenLitigation.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Stanley M. Ward, OBA #9351 - rstermer@wardglasslaw.com
Woodrow K. Glass, OBA #15690 - woody@wardglasslaw.com
Scott F. Brockman, OBA #19416 - scott@wardglasslaw.com
R. Ben Houston, OBA #14751 - ben@wardglasslaw.com
Barrett T. Bowers, OBA #30493 - barrett@wardglasslaw.com

*s/Jessica L. Craft*

Jessica L. Craft